UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

## 04  12515 NMG

|  |  |  |
|---|---|---|
| GUCCI AMERICA, INC., | ) | MJ De in |
| Plaintiff, | ) | |
| | ) | **Case No.:** |
| v. | ) | |
| | ) | RECEIPT # _____ |
| SUMMIT RESOURCE IMPORTS, LLC, AND | ) | AMOUNT $___ O |
| KURTIS TOLLIVER, | ) | SUMMONS ISSUED Yes |
| | ) | LOCAL RULE 4.1 ____ |
| | ) | WAIVER FORM ____ |
| Defendants. | ) | MCF ISSUED ____ |
| | ) | BY DPTY. CLK. ____ |
| | ) | DATE 11 30 04 |

### COMPLAINT

Plaintiff, Gucci America, Inc., complaining of Defendants, Summit Resource Imports, LLC, and Kurtis Tolliver, (collectively referred to as "Defendants"), alleges as follows:

### STATEMENT OF THE CASE

1.    This is an action for injunctive relief and damages under the Lanham Act based on Defendants' sale and offering for sale of counterfeit Gucci products.

### JURISDICTION AND VENUE

2.    This claim arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1114(1). This Court has subject matter jurisdiction over the claims in this action which relate to trademark counterfeiting and infringement, dilution and false designations of origin and false descriptions pursuant to the provisions of 28 U.S.C. §§1331, 1338 and 15 U.S.C. § 1121.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1392(a).

4.      This Court has personal jurisdiction over the Defendants under the provisions of Mass. Gen. L. ch. 223A, § 3, in that Defendants are transacting business within the Commonwealth and are contracting to supply services or things in this Commonwealth.

## THE PARTIES

5.      Gucci America, Inc. ("Plaintiff" or "Gucci") is a corporation organized and existing under the laws of New York, with its principal place of business in New York, New York, and is the sole and exclusive distributor in the United States of items bearing the Gucci trademarks on leather goods, clothing, jewelry, accessories, home products, and related items.

6.      The Defendant Summit Resource Imports, LLC is a corporation organized under the laws of the State of Montana with a usual place of business at 2311 South 7th Avenue, Bozeman, Montana, 59715-6501, and does business under the name Summit Resource Imports, LLC.

7.      The Defendant Kurtis Tolliver is an individual who owns and operates Summit Resource Imports, LLC, and resides at 803 OConnell Drive, #O, Bozeman, Montana, 59715-5986. Kurtis Tolliver is the listed Initial Member of record of Summit Resource Imports, LLC.

8.      Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto Defendants are and have been doing business in this judicial district and elsewhere and have sold and distributed merchandise wrongfully bearing counterfeits of Plaintiff's trademarks. Defendants are distributing, offering for sale, and selling numerous items of merchandise wrongfully bearing counterfeits of Plaintiff's trademarks to persons located within this judicial district and elsewhere.

2

## PLAINTIFF'S TRADEMARKS

9.    Gucci America, Inc. owns the trademarks and trade name "Gucci" and related trademarks (hereinafter collectively referred to as the "Gucci Trademarks"). Gucci markets high-quality products bearing the Gucci Trademarks, and Gucci is the exclusive distributor in the United States of Gucci products, all of which bear one or more of the Gucci Trademarks.

10.    The Gucci Trademarks are world-renowned and signify to customers the identity and quality of the product. The Gucci Trademarks are used extensively in advertising and contribute to Gucci's overall success in the marketplace.

11.    Commencing at least as early as the 1960's, Gucci adopted one or more of the Gucci Trademarks for handbags, luggage, accessories and related products and caused said trademarks to be registered in the United States Patent and Trademark Office.

12.    Gucci is the owner of all rights in and to numerous Gucci Trademarks including, but not limited to, the Gucci Trademarks that are the subject of the following trademark registrations:

| Mark | Registration No. | Date of Registration |
|------|------------------|----------------------|
| GUCCI | 876,292 | 09/09/69 |
| NON-INTERLOCKING GG MONOGRAM | 1,107,311 | 11/28/78 |
| GUCCI CREST | 1,097,483 | 07/25/78 |
| GREEN-RED-GREEN STRIPE | 1,122,780 | 07/24/79 |
| REPEATING GG DESIGN | 1,216,708 | 11/16/82 |
| SQUARE G | 2,042,805 | 03/11/97 |

13.    The Gucci Trademarks are in full force and effect. The Gucci Trademarks and the goodwill of Plaintiff's businesses in connection with which the Gucci Trademarks are used and have never been abandoned. Plaintiff intends to continue to preserve and maintain its rights with respect to the Gucci Trademarks.

14.    Plaintiff's services and products utilizing and/or bearing one or more of the Gucci Trademarks, by reason of their style, distinctive designs and quality have come to be known by the purchasing public throughout the United States as being of the highest quality. As a result

thereof, the Gucci Trademarks and the goodwill associated therewith are of inestimable value to Plaintiff.

15.    Based on the extensive sales of Plaintiff's products and their wide popularity, the Gucci Trademarks have developed a secondary meaning and significance in the minds of the purchasing public, and the products utilizing and/or bearing such marks and names are immediately identified by the purchasing public as being those of the Plaintiff.

16.    The Gucci Trademarks are vital to Plaintiff and Plaintiff will suffer irreparable harm if any third parties, including Defendants herein, are allowed to continue engaging in services and selling infringing goods utilizing and/or bearing identical or substantially similar trademarks.

## DEFENDANTS' INFRINGING ACTIVITIES

17.    Defendants have infringed and threaten to further infringe Plaintiff's Gucci Trademarks by distributing, selling and/or offering for sale unauthorized merchandise, including but not limited to handbags and wallets.

18.    Long after Plaintiff's adoption and use of its Gucci Trademarks on handbags, luggage, accessories and other related products, and long after Plaintiff's federal registration of its trademarks, Defendants commenced the distribution, offer for sale, and/or sale of handbags and other merchandise bearing counterfeits and infringements of the Gucci Trademarks as those trademarks appear on Plaintiff's products.

19.    Defendants are distributing, offering for sale, and selling their unauthorized products to numerous buyers throughout the United States, including buyers located within the Commonwealth of Massachusetts. A copy of an invoice from the Defendants' sale of counterfeit Gucci goods to Smart Bargains, Inc., a company located in Boston, Massachusetts, is attached hereto as Exhibit A. Defendants have obtained revenue from the sale of counterfeit Gucci products to parties in the Commonwealth of Massachusetts and elsewhere.

4

20.    Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional infringement of the Gucci Trademarks; are in total disregard of the Plaintiff's rights; and were commenced and have continued in spite of Defendants' knowledge that the use of any Gucci Trademarks, or a copy or colorable imitation thereof, was and is in direct contravention of Plaintiff's rights.

21.    The Defendants' unauthorized use of Gucci Trademarks has been without Plaintiff's consent, is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that the goods sold by Defendants are authorized, sponsored, or approved by Plaintiff when, in fact, they are not.

## FIRST CLAIM FOR RELIEF
### TRADEMARK COUNTERFEITING
### 15 U.S.C. § 1114

22.    Plaintiff incorporates all prior allegations as if set forth fully herein.

23.    Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the Gucci Trademarks on goods covered by registrations for these trademarks.

24.    Defendants have intentionally and willfully used these spurious designations knowing they are counterfeit in connection with the advertising, sale, offering for sale and distribution of goods for their own personal financial gain, and such intentional and willful conduct by the Defendants makes this an exceptional case.

25.    Defendants' use of the Gucci Trademarks to advertise, offer for sale, sell and distribute Defendants' counterfeit products was and is without the consent of Plaintiff.

26.    Defendants' unauthorized use of Plaintiff's Gucci Trademarks on and in connection with the advertising and sale of counterfeit goods constitutes Defendants' use of Plaintiff's registered Gucci Trademarks in commerce.

27.    Defendants' unauthorized use of the Plaintiff's Gucci Trademarks, as set forth above, is likely to:

(a)    cause confusion, mistake and deception;

(b)    cause the public to believe that Defendants' counterfeit products are authorized, sponsored or approved by Plaintiff or that Defendants are affiliated, connected or associated with or in some way related to Plaintiff;

(c)    result in Defendants unfairly benefiting from Plaintiff's good will and reputation, to the substantial and irreparable injury of the public, Plaintiff and Plaintiff's Gucci Trademarks and the substantial goodwill represented thereby.

28.    Defendants' acts as aforesaid constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

29.    Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount not thus far determined.

30.    Defendants' wrongful acts of counterfeiting will continue unless enjoined by this Court.

**SECOND CLAIM FOR RELIEF**
**Trademark Infringement**
**15 U.S.C. § 1114**

31.    Plaintiff incorporates all prior allegations as if set forth fully herein.

32.    Plaintiff's registered Gucci Trademarks are fanciful and arbitrary and are associated in the mind of the public with Plaintiff.

33.    Based on Plaintiff's extensive advertising, sales, and the wide popularity of Plaintiff's products, the Gucci Trademarks have acquired secondary meaning so that any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as being a product of and affiliated with Plaintiff.

34.    Defendants use the Gucci Trademarks in connection with Defendants' sale, distribution and advertising of their counterfeit goods.

35.    Defendants' activities as set forth herein constitute Defendants' use in commerce of the Gucci Trademarks.

36.     Defendants have used Plaintiff's registered Gucci Trademarks without Plaintiff's consent or authorization. Defendants' use, including the sale and distribution of infringing products in interstate commerce, is likely to cause confusion and mistake in the minds of the public, leading the public to believe that Defendants' products emanate or originate from Plaintiff, or that Plaintiff has approved, sponsored or otherwise associated itself with Defendants, which is untrue.

37.     Defendants have intentionally used the Gucci Trademarks, knowing they are the exclusive property of Plaintiff, in connection with the offering for sale, sale and distribution of counterfeit goods.

38.     Defendants' conduct is intended to exploit the goodwill and reputation associated with Plaintiff's registered Gucci Trademarks.

39.     Plaintiff has no control over the quality of Defendants' counterfeit merchandise. Because of the very real likelihood of confusion as to the source of Defendants' products, Plaintiff's reputation and valuable goodwill in its trademarks have been damaged by Defendants' unscrupulous tactics.

40.     Defendants' activities as aforesaid create the false and misleading impression that Defendants are sanctioned, assigned or authorized by Plaintiff to use Plaintiff's Gucci Trademarks to advertise, manufacture, distribute, appraise, offer for sale or sell counterfeit products bearing the Gucci Trademarks when Defendants are not so authorized.

41.     Defendants engage in the aforementioned activity with the intent to confuse and deceive consumers into believing that Defendants and the goods they sell are in some way sponsored by, affiliated or associated with Plaintiff.

42.     Defendants' unauthorized use of the Gucci Trademarks, as set forth above, has resulted in Defendants unfairly benefiting from Plaintiff's advertising and promotion, and profiting from Plaintiff's reputation and its registered Gucci Trademarks, to the substantial and irreparable injury of the public, the Plaintiff, the Gucci Trademarks and the substantial goodwill represented thereby.

43.     Defendants' aforesaid acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

44.     Defendants' acts have caused, and will continue to cause, great and irreparable injury to Plaintiff, and, unless such acts are restrained by this Court, they will be continued, thereby causing Plaintiff to continue to suffer great and irreparable injury. Plaintiff has no adequate remedy at law.

45.     Plaintiff is informed and believes and thereupon alleges that Defendants' infringement is both intentional and willful.

46.     Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined.

### THIRD CLAIM FOR RELIEF

#### False Designations of Origin, False Descriptions and Representations
#### 15 U.S.C. § 1125(a)

47.     Plaintiff incorporates all prior allegations as if set forth fully herein.

48.     Defendants have, in connection with their goods, used in commerce, and continue to use in commerce, Plaintiff's Gucci Trademarks.

49.     Defendants have affixed, applied and used in connection with their sale of goods, false designations of origin and false and misleading descriptions and representations, including the Gucci Trademarks, which tend falsely to describe the origin, sponsorship, association or approval by Plaintiff of the goods sold by the Defendants.

50.     Defendants use one or more of the Gucci Trademarks with full knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of Plaintiff.

51.     Defendants' use of the Gucci Trademarks on the counterfeit goods constitutes false descriptions and representations tending to falsely describe or represent Defendants and Defendants' products as being authorized, sponsored, affiliated or associated with Plaintiff.

8

52.    Defendants use one or more of the Gucci Trademarks on counterfeit goods with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high quality reputation of Plaintiff and to improperly appropriate to themselves the valuable trademark rights of Plaintiff.

53.    Defendants' aforesaid acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendants' products as those of Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.    Defendants' wrongful acts will continue unless enjoined by this Court.

55.    Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined.

## FOURTH CLAIM FOR RELIEF
### Federal Trademark Dilution
### 15 U.S.C. §1125 (c)

56.    Plaintiff incorporates all prior allegations as if set forth fully herein.

57.    Plaintiff is the exclusive owner of the trademark rights herein.

58.    Defendants' use of the Gucci Trademarks on the counterfeit goods they sell constitutes Defendants' commercial use in commerce of the Gucci Trademarks.

59.    These marks have been used for years and are so globally recognized and associated with Plaintiff that they are entitled to be recognized as famous and distinctive under 15 U.S.C. § 1125(c).

60.    Plaintiff's Gucci Trademarks have come to have a secondary meaning indicative of origin, relationship, sponsorship and/or association with the Plaintiff and its distinctive reputation for high quality. The purchasing public is likely to attribute Defendants' use of the Gucci Trademarks to Plaintiff as a source of origin, authorization and/or sponsorship for the products Defendants sell and further, purchase Defendants' products in the erroneous belief that

9

Defendants are associated with, sponsored by or affiliated with Plaintiff, when Defendants are not.

61.    Plaintiff has not authorized or licensed the use of the Gucci Trademarks to Defendants.

62.    Defendants' unauthorized use of the Gucci Trademarks in its marketing, sale and distribution of counterfeit products is diluting the distinctive quality of the Gucci Trademarks and the goodwill associated with them in violation of Section 43(c) of the Lanham Act, 15 U.S.C § 1125(c).

63.    Such conduct has injured Plaintiff and said injury will continue unless the Court enjoins Defendants from committing further wrongful acts.

64.    Upon information and belief, Defendants intentionally and willfully utilize Plaintiff's Gucci Trademarks and trade on Plaintiff's reputation and goodwill.

65.    If such use on the part of the Defendants continues, Plaintiff will suffer irreparable harm of a continuing nature for which there is no adequate remedy at law.

66.    Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined.

## FIFTH CLAIM FOR RELIEF
### Unfair And Deceptive Business Practices
### Massachusetts Chapter 93A, Section 11

67.    Plaintiff incorporates all prior allegations as if set forth fully herein.

68.    Defendants' acts set forth above constitute unfair and deceptive business practices in violation of Gen. L. ch. 93A, §2 in that the actions are likely to cause confusion in the minds of the consuming public, will destroy the Plaintiff's goodwill, and will unjustly enrich the Defendants at the expense of and to the detriment of the Plaintiff.

69.    Defendants' acts are knowing and willful violations of Gen. L. ch. 93A, §§ 2 and 11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

1.     That a preliminary and permanent injunction be issued enjoining and restraining
Defendants and their officers, agents, servants, employees and attorneys and all those in active
concert or participation with them, from:

A.     Using any reproduction, counterfeit, copy or colorable imitation of the
Gucci Trademarks to identify any goods or the rendering of any services
not authorized by Plaintiff;

B.     Engaging in any course of conduct likely to cause confusion, deception or
mistake, or to injure Plaintiff's business reputation or dilute the distinctive
quality of Plaintiff's name and Plaintiff's Gucci Trademarks;

C.     Using a false description or representation including words or other
symbols tending to falsely describe or represent Defendants' unauthorized
goods as being those of Plaintiff or sponsored by or associated with
Plaintiff and from offering such goods into commerce;

D.     Further infringing Plaintiff's Gucci Trademarks by manufacturing,
producing, distributing, circulating, selling, marketing, offering for sale,
advertising, promoting, renting, displaying or otherwise disposing of any
products not authorized by Plaintiff bearing any simulation, reproduction,
counterfeit, copy or colorable imitation of Plaintiff's Gucci Trademarks;

E.     Using any simulation, reproduction, counterfeit, copy or colorable
imitation of Plaintiff's trademarks in connection with the rental,
promotion, advertisement, display, sale, offering for sale, manufacture,
production, circulation or distribution of any unauthorized products in

11

such fashion as to relate or connect, or tend to relate or connect, such

products in any way to Plaintiff, or to any goods sold, manufactured,

sponsored, approved by or connected with Plaintiff;

F.     Making any statement or representation whatsoever, using any false

designation of origin or false description or performing any act which can

or is likely to lead the trade, public or individual members thereof, to

believe that any products manufactured, distributed, sold or marketed by

Defendants are in any manner associated or connected with Plaintiff, or

sold, manufactured, licensed, sponsored, approved or authorized by

Plaintiff;

G.     Causing an infringement of any of Plaintiff's Gucci Trademarks or of

Plaintiff's rights therein, or causing any dilution of Plaintiff's name,

reputation or goodwill;

H.     Secreting, destroying, altering, removing or otherwise dealing with the

unauthorized products or any books or records which contain any

information relating to the importing, manufacturing, producing,

distributing, circulating, selling, marketing, offering for sale, advertising,

promoting, renting or displaying of all unauthorized products which

infringe the Gucci Trademarks;

I.     Effecting assignments or transfers, forming new entities, associations or

websites, or utilizing any other device for the purpose of circumventing or

otherwise avoiding the prohibitions set forth in subparagraphs (A) through

(H), above.

2.     Directing that Defendants deliver up for destruction to Plaintiff all unauthorized

products and advertisements in their possession or under their control bearing any of Plaintiff's

Gucci Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation

thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

3.    Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Plaintiff or related in any way to Plaintiff's products.

4.    Requiring Defendants to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' infringement of Plaintiff's Gucci Trademarks and Defendants' acts of unfair competition, and to account for all gains, profits and advantages derived by Defendants from the sale of their infringing merchandise bearing the Gucci Trademarks and that the award to Plaintiff be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117 (c) of up to $1,000,000 for each trademark per type of goods sold that Defendants have willfully counterfeited and infringed.

5.    Ordering that Plaintiff recover the costs of this action together with reasonable attorneys' and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

6.    That Plaintiff be awarded treble damages and attorney's fees for Defendants' willful and knowing violations of Mass. Gen. L. ch. 93A, §2.

7.    Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

8.    Awarding to Plaintiff such other and further relief as the Court may deem just and proper, together with the costs and disbursements which Plaintiff has incurred in connection with this action.

GUCCI AMERICA, INC.

By its Attorneys,

BURNS & LEVINSON LLP

By:_____
         Mark Schonfeld
         BBO No. 446980
         Burns & Levinson LLP
         125 Summer Street
         Boston, MA  02110
         (617) 345-3000

Dated:  November 30, 2004

J:\Docs\25495\00012\00878924.DOC



STORE NO

Remit to:    Summit Resource Imports
550 Gallaun Field Road
Relgmile, MT 59714
Ph (406) 388-9000
Fax (406) 388-9100

OLD TO

SHIP TO

ROUTE TO

REMIT TO

| INVOICE | DATE | TERMS | CUSTOMER ORDER NO. | DEPT. | N/A NO. | SLM. NO. | ORDER NO. |
|---|---|---|---|---|---|---|---|

| STYLE NUMBER | COLOR DESCRIPTION | DIM | STYLE DESCRIPTION | | | LINE TOTAL | PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|---|

2 wallets
Gucci ostrich wallet (101592)
Gucci brown suede wallet (101505)

Contact: Steve Nadrich
212-268-0700

PACKING SLIP NO.

CARTONS    WEIGHT    SHIP VIA

s start from date of invoice. Acceptance by carrier at F O.B. point as evidenced by Bill of Lading, constitutes a valid
next. RETURNS WILL NOT BE ACCEPTED WITHOUT PRIOR PERMISSION FROM SUMMIT RESOURCE IMPORTS.

*>JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Gucci America, Inc.

**DEFENDANTS**

Summit Resource Imports, DLC
and Kurtis Tolliver

**(b)** County of Residence of First Listed Plaintiff __New York__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Gallatin__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Mark Schonfeld, Esquire
Burns & Levinson, LLP
125 Summer Street, Boston, MA 02110

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgement | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Defendants have engaged in the sale of counterfeit Gucci products in violation of 15 USC Section 1114, and have infringed Gucci's trademarks.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE    November 30, 2004

SIGNATURE OF ATTORNEY OF RECORD    *Mark Schonfeld*

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Gucci America, Inc. v. Summit Resource_
   _Imports, LLC and Kurtis Tolliver_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See

   local rule 40.1(a)(1)).

   ☐   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   ☐   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ☐   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ☐   V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
   this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
   28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
   40.1(d)).      Not Applicable

   YES ☐    NO ☐

   A.   If yes, in which division do **all** of the non-governmental parties reside?

        Eastern Division ☐       Central Division ☐       Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
        agencies, residing in Massachusetts reside?

        Eastern Division ☐       Central Division ☐       Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
   yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   Mark Schonfeld

ADDRESS   Burns & Levinson, LLP, 125 Summer Street, Boston, MA 02110

TELEPHONE NO.   (617) 345-3329

(Coversheetlocal.wpd - 10/17/02)